UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOLAN C. DAVIS, SR.                                           CIVIL ACTION

VERSUS                                                        NO. 09-3221

MARLIN GUSMAN ET AL.                                          SECTION "F" (2)

# REPORT AND RECOMMENDATION

Plaintiff, Nolan C. Davis, Sr., is a prisoner currently incarcerated in the Orleans Parish Prison system. ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Warden Joe Howard, Medical Director Samuel Gore and Chief Rudy Belize. Record Doc. No. 1 (Complaint). Plaintiff generally complains about unsanitary conditions and inadequate medical care, not as to him personally, but as to all prisoners housed in the OPP temporary tent facilities constructed after Hurricane Katrina destroyed several of the permanent buildings in the OPP complex. Plaintiff states in his complaint that there is a prison grievance procedure in OPP, but that he has not presented the facts relating to the instant complaint in the prisoner grievance procedure available at OPP. Record Doc. No. 1 (Complaint at p. 2, ¶ II, A and B). Plaintiff explains in his complaint that he has failed to do so because "[t]he complication of this complaint will not help through grievance procedures." Id. at ¶ II, D.

On April 23, 2009, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Monique Morial, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## **THE RECORD**

Plaintiff testified that he has been incarcerated in OPP since his arrest on October 28, 2008 on aggravated burglary and simple burglary charges. He stated that the written allegations contained in his complaint were phrased to apply to <u>all</u> prisoners housed in the OPP temporary tent facilities, as opposed to himself personally, because he intended this particular complaint to be a class action lawsuit. He testified that although he is no longer housed in the temporary tent facility at OPP, he was himself housed in the temporary tent facility for 6 or 7 months and therefore experienced the various alleged conditions of confinement asserted in this broad complaint. He alleged that he personally experienced irritation of the skin, eyes and sinuses, for which he received generally ineffective medical treatment[1] resulting from the conditions.

During his testimony, Davis confirmed the concession contained in Paragraph II of his complaint that he has neither initiated nor completed any grievance concerning the

---

[1] Plaintiff's <u>specific</u> complaint that he has personally received constitutionally deficient medical care for his right eye cataract while incarcerated in OPP is the subject of a separate lawsuit that remains pending in this court, C.A. No. 09-2784 "I"(2), and which this court is actively considering.

2

general conditions about which he complains in this lawsuit through the three steps of the administrative remedies procedure available at OPP.

## ANALYSIS

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a <u>Spears</u> hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. <u>Spears</u>, 766 F.2d at 180. "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis</u>, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991); <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." <u>Spears</u>, 766 F.2d at 182.

II. <u>EXHAUSTION OF ARP</u>

In the Prison Litigation Reform Act of 1996 ("PLRA"), Congress revised the pre-lawsuit exhaustion provision to <u>require</u> that a prisoner <u>complete</u> an available prison ARP before filing a Section 1983 suit and to eliminate the district court's discretion to permit a suit to proceed without exhaustion. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (citing the Civil Rights of Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997(e)). In short, 42 U.S.C. § 1997(e)(a) now <u>mandates</u> exhaustion of administrative remedies, stating that "<u>no</u> action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail,

prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>."  42 U.S.C. § 1997(e)(a) (emphasis added).

In <u>Clifford v. Gibbs</u>, 298 F.3d 328, 329 (5th Cir. 2002), the Fifth Circuit reiterated the Supreme Court's finding that the "exhaustion requirement applies to <u>all</u> inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Id.</u> (citing <u>Porter</u>, 534 U.S. at 992) (emphasis added).

Davis has admitted in his complaint, Record Doc. No. 1 at ¶ II, that he never initiated any grievance and that he did not exhaust the available ARP at OPP as to the general claims about inmate conditions of confinement that he asserts in this lawsuit.  To satisfy this legal requirement, Davis must complete the three-step administrative grievance procedure in place at OPP.  It is clear from the language of the statute, from the Supreme Court's decision in <u>Porter</u> and from the Fifth Circuit's recent decision in <u>Clifford</u> that exhaustion of an available prison ARP is an absolute requirement before filing suit.

The fact that Davis purports to offer this complaint as a putative class action is of no moment.  The statute is clear that "no" action by a prisoner concerning his conditions of confinement may be brought before ARP exhaustion.  42 U.S.C. § 1997(e)(a).  The Fifth Circuit has made clear that the ARP exhaustion requirement applies to "<u>all</u> inmate

5

suits about prison life." Clifford, 298 F.3d at 329 (emphasis added). In addition, as a prisoner who has failed to meet this requirement and therefore could not institute these claims in his individual capacity, Davis could in no way satisfy the class representative requirements of Fed. R. Civ. P. 23(a)(3) and (4).

Accordingly, plaintiff's claims in this case must be dismissed without prejudice to refiling after exhausting his administrative remedies.[2]

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust his administrative remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

---

[2]Plaintiff's separate individual medical care claim concerning his right eye cataract condition pending in C.A. No. 09-2784 "I"(2), in which he has at least alleged ARP exhaustion, is unaffected by this recommendation.

notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___23rd___ day of April, 2009.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE